**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANKLIN JAMES SHACKELFORD, | **1:14-cv-378 GSA** |
| Plaintiff, | |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| Defendant. | **(Docs. 12 & 13)** |

**BACKGROUND**

Plaintiff, Franklin Shackelford ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for Disability Insurance Benefits and Supplemental Security Income pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States

1

Magistrate Judge.[1] (*See,* Docs. 12 and 13).

## FACTS AND PRIOR PROCEEDINGS[2]

### 1. Background

On May 19, 2010, Plaintiff filed an application for Disability Insurance. AR 205-211. On June 18, 2010, he filed an application for Supplemental Security Income. AR 213-220. His applications were denied initially and on reconsideration. AR 122-125; 129-134. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 9, 135-136. ALJ Robert Lowenstein held a hearing on April 19, 2012 (AR 33-49), and issued an order denying benefits on April 24, 2012. AR 15-25. Plaintiff subsequently filed an appeal and the Appeals Council denied review, rendering that the final decision of the Commissioner. AR 1-8. Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### 2. Summary of the ALJ's Decision and Issues Presented

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 15-25. More particularly, the ALJ found that Plaintiff had met the insured status requirements through December 31, 2013, and had not engaged in substantial gainful activity since July 29, 2009, his alleged onset date. AR 17. Further, the ALJ identified status post shattered pelvis with residual hip pain; status post cervical spine cracked vertebrae with residual neck pain and reduced mobility; headaches; back pain; status post closed head injury with residual memory loss; high blood pressure; and depression as severe impairments. AR 17. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 17-18. The ALJ determined that Plaintiff

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  (*See* Docs. 7& 8).
[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

had the residual functional capacity ("RFC") to perform less than the full range of light work, except he: (1) can occasionally reach overhead; (2) can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; (3) can occasionally balance, stoop, kneel, crouch, and crawl; (4) has no restrictions in his activities of daily living; (4) has no difficulty maintaining social functioning; (5) has no problems with concentration, persistence, or pace; (6) is not expected to have periods of emotional deterioration in a work-like setting; (7) is able to carry out simple work instructions; (8) can respond appropriately with co-workers, supervisors, and the public; (9) is capable of responding appropriately to usual work situations to deal with appropriate changes in a routine work setting; and (10) can perform simple, repetitive tasks without difficulty.  AR 19.

Based on the above, the ALJ found that Plaintiff could not perform his past relevant work as a warehouse worker, a warehouse supervisor, or as a plater-hot dip. AR 23.  However, after considering the testimony of the vocational expert ("VE"), the ALJ found that other jobs existed in significant numbers in the national economy that Plaintiff could perform including: 1) packing line worker, Dictionary of Occupational Titles ("DOT") code 753.687-038; 2) a garment sorter, DOT code 222.687-014, 1991 WL 67213; and 3) an ampoule filler, DOT code 559.685-018.  AR 24.  The ALJ therefore concluded that Plaintiff was not disabled. AR 25.

Plaintiff argues that ALJ improperly relied upon the vocational expert's testimony when determining what jobs Plaintiff could perform.  More specifically, he contends that the VE's testimony that Plaintiff could perform the three jobs listed above was flawed because all of the jobs require frequent reaching which is inconsistent with Plaintiff's RFC limiting him to occasional overhead reaching. [3] (Doc. 12, pg. 6-10).  Defendant asserts that the vocational

---

[3] In the opening brief, Plaintiff argues that these jobs require frequent to constant reaching (Doc. 12, pg. 6). However, Plaintiff did not provide copies of the DOT, or a Westlaw citation in support of the assertion that constant reaching is required.  The Court's own research indicates that all three of these jobs only requires frequent reaching and has modified Plaintiff's argument accordingly.

expert's testimony was reliable and the ALJ properly found that Plaintiff could perform jobs which existed in significant numbers in the national economy. (Doc. 13, pgs. 2-4).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## DISCUSSION

**A. The ALJ Improperly Relied Upon the Vocational Expert's Testimony Because the the VE Did Not Explain the Deviation of His Testimony Regarding Plaintiff's Reaching Abilities from the DOT.**

Plaintiff argues that the ALJ's decision is improper because all three jobs identified by the VE: a packing line worker, a garment sorter, and an ampoule filler, requires frequent reaching which includes extending the hands and arms in any direction, which is in conflict with Plaintiff's RFC limiting him to occasional overhead reaching. Plaintiff contends that the ALJ never inquired about this inconsistency and therefore, the ALJ's decision is not supported by substantial evidence.

Defendant argues that while the identified jobs require frequent reaching, the DOT does not distinguish between the different types of reaching (i.e. overhead or below the waist). Instead, the DOT includes only a general category of reaching which does not differentiate among

4

reaching in all directions. Defendant contends that since the DOT descriptions do not specifically require frequent overhead reaching, and Plaintiff can reach in all directions except that he is restricted only to occasional reaching overhead, he is able to perform the identified jobs. Therefore, the VE's testimony is not inconsistent with the DOT, and the ALJ's decision is supported by substantial evidence.

At step five of the disability analysis, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *see also* 20 C.F.R. § 416.920(g). At this stage, the ALJ first assesses a claimant's "residual functional capacity," defined as the most that a claimant can do despite "physical and mental limitations" caused by his impairments and related symptoms. 20 C.F.R. §§ 416.945(a)(1), 404.1545. The ALJ then considers potential occupations that the claimant may be able to perform. *See* 20 C.F.R. §§ 416.966, 404.1566. In making this determination, the ALJ relies on the DOT, which is the SSA's "primary source of reliable job information" regarding jobs that exist in the national economy. *Zavalin v. Colvin*, 778 F. 3d 842 (9th Cir. 2015) citing *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); *see also* 20 C.F.R.§§ 416.969, 404.1569; 416.966(d)(1), 404.1566(d). The DOT describes the requirements for each listed occupation. DOT, App. C, 1991 WL 688702 (4th ed. 1991). In addition to the DOT, the ALJ relies on the testimony of vocational experts who testify about specific occupations that a claimant can perform in light of his residual functional capacity. 20 C.F.R. §§ 416.966(e), 404.1566(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Finally, to conclude the step five analysis, the ALJ determines "whether, given the claimant's [residual functional capacity], age, education, and work experience, he actually can find some work in the national economy." *Valentine*, 574 F.3d at 689; *see also* 20 C.F.R. § 416.920(g), 404.1520(g).

At issue in this case is whether the VE improperly testified that Plaintiff could perform the identified jobs because the RFC and the ALJ's hypothetical specifically limited Plaintiff to occasional overhead reaching (AR 19, 73-77), however, the DOT requires frequent reaching for the three jobs the VE identified. Although the DOT does not specify whether the requisite "reaching" includes reaching above shoulder level or in all directions, relevant legal authorities suggest that it may which creates a conflict between the DOT and the VE's testimony. *See, e.g., Riad v. Colvin*, 2014 WL 2938512, *5 (C.D. Cal. June 30, 2014) ("[T]he weight of authority in the Ninth Circuit supports the proposition that 'reaching' as used [ ] in the DOT encompasses overhead or above-the-shoulder reaching.") (citing cases); *Lang v. Commissioner of Social Security,* 2014 WL 1383247, *7 –*8 (E.D. Cal. Apr. 8, 2014) (finding potential conflict between VE's opinions and DOT where VE testified that plaintiff could perform three jobs that require "frequent reaching"—a requirement that "could potentially encompass frequent overhead reaching" which plaintiff could not do); *Carpenter v. Commissioner of Social Security*, 2014 WL 4795037 *7- *8 (E.D. Cal., Sept. 24, 2014) (same); *Meyer v. Astrue*, 2010 WL 3943519 (E.D. Cal., Oct. 1, 2010) (same) *Mkhitaryan v. Astrue,* 2010 WL 1752162, *3 (C.D. Cal. 2010) ( "the plain meaning of 'reaching' [for purposes of the DOT] encompasses above-the-shoulder reaching") (citing Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Appendix C (1993)); *see also* SSR 85–15 at *7 ("reaching" defined as "extending the hands and arms in any direction") (emphasis added).

It is well established that the Social Security Administration relies on the DOT as the presumptive authority on job classifications. *Johnson v. Shalala*, 60 F. 3d at 1435; Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy."). However, SSR 00-4p provides the following

guidance regarding occupational evidence from a VE in relation to information included in the DOT:

> Occupational evidence provided by a VE or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

In sum, the ALJ must first determine whether a conflict exists between the DOT and the VE's evidence. If it does, then an ALJ is required to identify any conflicts between occupational evidence provided by a VE and occupational information included in the DOT. SSR 00-4p. Indeed, the ALJ "has an affirmative responsibility to ask about any possible conflict between [VE evidence] and information provided in the DOT." *Id*. When vocational evidence provided by a VE is not consistent with information in the DOT, the ALJ "must resolve this conflict before relying on the [VE evidence] to support a determination or decision that the individual is or is not disabled." *Id*. The ALJ is required to explain in his decision how any identified conflict was resolved. *Id; see also Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (SSR 00-4p "explicitly requir[es] that the ALJ determine whether the expert's testimony deviates from the Dictionary of Occupational Titles and whether there is a reasonable explanation for any deviation.)"

Here, the ALJ never asked the VE if there was a conflict between his testimony and the DOT listings. AR 73-77. Since the vocational expert did not acknowledge that there was a potential conflict between his testimony and the DOT, neither the vocational expert nor the ALJ attempted to explain or justify the apparent inconsistency. AR 73-77. Accordingly, the Court

cannot conclude that the vocational expert's testimony, which the ALJ adopted, is substantial evidence supporting the ALJ's determination at step five that plaintiff could perform the representative jobs.  Therefore, the case must be remanded.  *Massachi*, 486 F.3d at 1154 (remanding case where ALJ failed to ask vocational expert whether her testimony conflicted with the DOT and, therefore, court was unable to determine whether at step five ALJ properly relied on vocational expert's testimony that claimant could perform other work); *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir.2006) ("It is not clear to us whether the DOT's [reaching] requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help"); *Lamb v. Colvin*, 2014 WL 3894919 * 6 (E.D. Cal., Aug. 1, 2014) (remanding case when the ALJ "did not identify or resolve a potential inconsistency between Plaintiff's prior work that required frequent reaching and the VE's testimony that Plaintiff could perform this work in light of her assessed RFC which precluded overhead reaching").

      The Court has considered the cases cited by the Defendant in support of its argument that Plaintiff can perform unskilled light work that requires constant or frequent reaching even though his RFC includes a limitation that Plaintiff can only reach overhead occasionally.  However the government's reasoning is unpersuasive.  (Doc. 13, pgs. 3-4).  For example, the government cites *Quesada v. Astrue*, 510 Fed. Appx., 651, 652 ( 9th Cir. 2013) (not selected for publication) for the proposition that an overhead limitation to the right arm is not inconsistent with the DOT, however, this proposition is not cited to in this case.  Moreover, the government's reliance on *Kassebaum v. CSS*, 420 Fed. Appx.769 (9th Cir. 2011) (not selected for publication) is also misplaced, because in *Kassebaum*, unlike the instant case, the ALJ clarified on the record that there was no discrepancy between the identified jobs and the Plaintiff's RFC. *Kassenbaum, 420 Fed. Appx.* at 771. Finally, in *Gallo v. CSS*,  449 Fed. Appx. 648, 649-650 (9th Cir. 2011) (not

selected for publication), the Ninth Circuit found that the AJL's failure to impose an occasional overhead limitation would not have prevented the Plaintiff from doing sedentary work. However, in *Gallo*, the Ninth Circuit noted that there was an inconsistency in the doctor's report that indicated that Plaintiff could perform light work even with this overhead reaching limitation, and the ALJ limited Plaintiff to more restrictive sedentary work, which is not the case here. *Gallo*, at 449 Fed. Appx. at 649-650.

**B. Remand For Further Administrative Proceedings**

Given the above, the Court finds remand is necessary. A determination of whether this action should be remanded to the Commissioner with instructions to immediately award benefits or whether this action should be remanded to this Commissioner for further administrative proceedings is required. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin,* 759 F. 3d 995 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020.

In this case, the ALJ did not resolve the inconsistency between the VE's testimony and the DOT with regard to Plaintiff's limitations of occasional overhead reaching as discussed above. The Court finds that remand for further administrative proceedings is necessary to further develop the record and address this issue of the possible conflict between the VE's testimony that Plaintiff could perform work, specifically, the jobs of packing line worker, a garment sorter, and an ampoule filler, or if there are other jobs that Plaintiff could perform.

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. This action is REMANDED this action back to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Franklin James Shackelford, against Carolyn W. Colvin, Commissioner of Social Security and close this action.

IT IS SO ORDERED.

Dated:   **July 19, 2015**                           **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE